BRUNSTEN+ASSOCIATES
DONALD J.BRUNSTEN (SBN 90795)
8605 Santa Monica Blvd., Suite 32-425
Los Angeles, California 90069
E-Mail: dbrunsten@brunsten.com
Tel.: (310) 207-1660
Fax: (310) 442-4652

ISHIMATSU LAW GROUP, P.C.
BRUCE L. ISHIMATSU (SBN 86145)
4712 Admiralty Way, No. 1012
Marina Del Rey, California 90292
E-Mail:bruce.ishimatsu@gmail.com
Tel: (310) 200-4060
Fax. (310) 496-1540

Attorneys for Plaintiff **KAROL WESTERN CORP.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROL WESTERN CORP., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SMITH NEWS COMPANY, INC. a California corporation d/b/a SMITH NOVELTY COMPANY<br><br>Defendant. | CASE NO. CV12-7695 BRO (VBKx)<br><br>PLAINTIFF'S MOTION IN LIMINE NO. 3: TO PRECLUDE DEFENDANT PRESENTING EXPERT OR OPINION TESTIMONY, OR ARGUMENT, ABOUT SUBSTANTIAL SIMILARITY OR "INDUSTRY STANDARDS"<br><br>Hearing Date: March 3, 2014<br>Time: 1:30 p.m.<br>Dept.: Courtroom 14<br>Trial Date: March 25, 2014 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON MARCH 3, 2014 at 1:30 p.m. or as soon thereafter as counsel can be heard in Courtroom No. 14 before the Honorable Beverly Reid O'Connell, located at 312 North Spring Street, Los Angeles, California 90012, plaintiff Karol Western Corporation ("Plaintiff") will move the court *in limine* for an order prohibiting defendant Smith News Company, Inc. d/b/a Smith Novelty Company ("Defendant") from introducing any testimony, or reference to any testimony at any time within the presence of the jury, or argument, by any expert trial witness or by any lay witness intended to (1) perform extrinsic analysis on the Shanghai Diamond or Accused Work: (2) rebut or challenge the testimony of Plaintiff's expert witness on the objective similarity of the two works; (3) suggest or refer to supposed "industry standards" or "industry norms" or supposedly commonplace understandings about what is a useful article and what is an ornamental design.

This Motion is based on the grounds that Defendant did not disclose any expert trial witnesses as required by Federal Rules of Civil Procedure Rule 26(a)(2) and the existence of substantial danger that the probative value any "expert" or "expert-like" testimony or evidence will be outweighed by the danger of undue prejudice.

The Motion will be based on this Notice, on the accompanying Memorandum of Points and Authorities, on all pleadings and records already on file in this action and on such oral argument as the Court may permit at the hearing on the Motion.

Dated:   January 31, 2014.

BRUNSTEN + ASSOCIATES
ISHIMATSU LAW GROUP, P.C.

By   *Donald J. Brunsten*
     Donald J. Brunsten
     Attorneys for Plaintiff
     KAROL WESTERN CORP.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Expert Disclosure is Required by the Federal Rules of Civil Procedure**

Federal Rules of Civil Procedure section 26(a)(2)(A) provides that:

"In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, 705."

The expert disclosure requirements cover opinions including, but not limited to, substantial similarity under the extrinsic test and any kind of comparative analysis of the Shanghai Diamond and the Accused Work of Defendant; what is "commonplace" in the souvenir industry of the Las Vegas market; what is "expected" for designs in the souvenir industry or Las Vegas market; what is regarded as a product's "design" features vs. "commodity" features in the souvenir industry or the Las Vegas market.

**B. A Written Report is Required with the Disclosure.**

F.R.C.P. section 26(a)(2)(B) provides that:

"Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report - prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."

**C. Time for Disclosure**

Pursuant to the Federal Rules of Civil Procedure section 26(a)(2)(D)(i), initial expert disclosures were to have been completed not later than 90 days before trial, in this case December 25, 2013.   Defendant did not designate, disclose or otherwise identify any experts to testify at trial on its behalf and the deadline to do so has long passed.

PLAINTIFF'S MOTION IN LIMINE NO. 3: TO PRECLUDE DEFENDANT PRESENTING EXPERT OR OPINION
TESTIMONY, OR ARGUMENT, ABOUT SUBSTANTIAL SIMILARITY OR "INDUSTRY STANDARDS"

///

### D. <u>Undisclosed Experts and Testimony within the Scope of an Expert Should be Excluded at time of Trial</u>.

A party failing to disclose a witness pursuant to Federal Rules of Civil Procedure Rule 26(a) may not use such witness for any purpose, at hearing or trial, unless the failure was substantially justified or is harmless.   Federal Rules of Civil Procedure Rule 37(c)(1); *Harris v. State Compensation Insurance Fund,* 132 Fed.App. 183 (9th Circuit 2005).

Defendant failed to disclose experts or provide any reports required by the rules.   This failure requires exclusion of any testimony from any expert, whether it is obtained from a retained or non-retained expert or other witnesses seeking to offer testimony on the extrinsic or intrinsic test for substantial similarity between the Shanghai Diamond and the Accused Work.

So far, Defendant has attempted to address the issues of substantial similarity of the subject works only by the unsworn, incompetent, and inadmissible opinion of Defendant's counsel as to how he would personally dissect and analyze the Shanghai Diamond and the Accused Work.   It is not appropriate for Defendant's entire "evidence" on this central, triable issue to rest on opinion testimony that not only was not previously disclosed, as required by the Federal Rules, but comes from Defendant's counsel in lieu of a competent witness who is subject to cross-examination.   As stated by the Ninth Circuit in *Swirsky v. Carey,* 376 F.3d 841 (9th Cir. 2004): "The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria. [Internal citation omitted.]   The extrinsic test requires 'analytical dissection of a work and expert testimony.' [Internal citation omitted.]"   *Id.* at 845.   And it is clearly too late for Defendant seek to offer the testimony of expert witnesses at trial or any other opinion testimony on the same issues.   Plaintiff would

1   obviously be prejudiced since Defendant neither offered the testimony of an expert, nor
2   did it submit an expert witness report for pre-trial cross-examination by Plaintiff.

3         Plaintiff also anticipates that Defendant will attempt to introduce testimony
4   from its President, Ken Glaser, or its purported designer, Enrico Urbiztondo, as to what
5   is "commonplace" in the souvenir industry of the Las Vegas market; what is "expected"
6   for designs in the souvenir industry or Las Vegas market; what is regarded as a
7   product's "design" features vs. "commodity" features in the souvenir industry or the Las
8   Vegas market in an attempt to show that Plaintiff's Shanghai Diamond's design features
9   are not entitled to copyright protection.   Such anticipated testimony is within the realm
10   of expert testimony and subject to the rules governing expert disclosures, reports and the
11   like.   Defendant did not designate Messrs. Glaser and Urbiztondo as expert witnesses
12   so they, and any other witness, to testify at trial.

13         Furthermore, any testimony from Defendant's witnesses, or argument from
14   counsel, about what is "common" in the industry would be irrelevant unless it is new
15   evidence, not put before this Court in the summary judgment proceedings, to prove
16   Plaintiff's work is unoriginal in that the same particular combination and arrangement
17   of ornamental features found in the Shanghai Diamond existed on another work prior to
18   August 2009, and that Plaintiff had access to and in fact copied the earlier work.
19   However, any discussion of the use of, for example, glitter fabric on flasks by any third
20   party *after* the release of the Shanghai Diamond in 2009 would be irrelevant to the
21   issues and prejudicially confusing for the jury, in suggesting Plaintiff has no rights in
22   the Shanghai Diamond thanks to the increasing availability of close imitations, like the
23   Accused Work, and perhaps not so close imitations from others, coming afterward.
24   There is no reason to let that information in, even under the guise of discussing
25   "industry standards."

26
27
28

PLAINTIFF'S MOTION IN LIMINE NO. 3: TO PRECLUDE DEFENDANT PRESENTING EXPERT OR OPINION
TESTIMONY, OR ARGUMENT, ABOUT SUBSTANTIAL SIMILARITY OR "INDUSTRY STANDARDS"

The Court has the inherent power to grant a motion *in limine* to exclude evidence that could be objected to at trial.   *Luce v. U.S.*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443, 16 Fed. R. Evid. Serv. 833 (1984); *U.S. v. Caputo*, 313 F. Supp. 2d 764, 767-68 (N.D. Ill. 2004); *U.S. v. Lachman*, 48 F.3d 586, 590-94, 41 Fed. R. Evid. Serv. 339 (1st Cir. 1995).   Federal Rule of Evidence 403 allows the court to exclude evidence where there is a substantial danger that the probative value will be outweighed by the danger of undue prejudice. See *Old Chief v. U.S.*, 519 U.S. 172, 180-92, 117 S. Ct. 644, 136 L. Ed. 2d 574, 45 Fed. R. Evid. Serv. 835 (1997); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800-02, 42 Fed. R. Evid. Serv. 843 (1st Cir. 1995); *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1343, 59 Fed. R. Evid. Serv. 431 (3d Cir. 2002).

In addition, Federal Rules of Evidence 103(c) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence or hearing of the jury. *Williams v. Board of Regents of University System of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

**E. Conclusion**

It is hereby requested that Defendants, their counsel or any witness be precluded from presenting any testimony regarding opinions including, but not limited to, substantial similarity under the extrinsic test and any kind of dissection or comparative analysis of the Shanghai Diamond and the Accused Work of Defendant; what is "commonplace" in the souvenir industry of the Las Vegas market; what is "expected" for designs in the souvenir industry or Las Vegas market; what is regarded as a product's "design" features vs. "commodity" features in the souvenir industry or the Las Vegas market.

The court should not reward Defendant by allowing it to "back door" testimony and evidence at trial that is the province of expert testimony, something Defendant chose to forego in this case.   If Defendant intends to present Messrs Glaser

or Urbiztondo as expert witnesses on any subject matter, they were required to be disclosed as such but were not and are therefore precluded from rendering the types of opinions about designs and markets as if they were expert witnesses which they are not, despite whatever "street" knowledge they may possess.

///

For the above reasons, plaintiff Karol Western Corporation respectfully requests that this Motion in Limine be granted to preclude any attempt by Defendant to introduce any expert testimony or similarly-intended testimony at trial regarding substantial similarity under the extrinsic test and any kind of comparative analysis of the Shanghai Diamond and the Accused Work of Defendant; what is "commonplace" in the souvenir industry of the Las Vegas market; what is "expected" for designs in the souvenir industry or Las Vegas market; what is regarded as a product's "design" features vs. "commodity" features in the souvenir industry or the Las Vegas market. Dated:   January 31, 2014.

BRUNSTEN & ASSOCIATES
ISHIMATSU LAW GROUP, P.C.

By     *Donald J. Brunsten*
Donald J. Brunsten
Attorneys for Plaintiff
KAROL WESTERN CORP.

PLAINTIFF'S MOTION IN LIMINE NO. 3: TO PRECLUDE DEFENDANT PRESENTING EXPERT OR OPINION TESTIMONY, OR ARGUMENT, ABOUT SUBSTANTIAL SIMILARITY OR "INDUSTRY STANDARDS"