1  H. MICHAEL BRUCKER LAW CORPORATION
2  H. MICHAEL BRUCKER (#36297)
   5855 DOYLE STREET, SUITE 110
3  EMERYVILLE, CA 94608
   Telephone: (510) 654-6200
4  Facsimile: (510) 654-6166
   E-Mail: michael@hmblawoffice.com
5
   STEVEN M. KIPPERMAN LAW CORPORATION
6  STEVEN M. KIPPERMAN (#40895)
7  57 Post Street, Suite 604
   San Francisco, CA 94104
8  Telephone: (415) 397-8600
   Facsimile: (415) 397-0792
9  E-Mail: kipperman@aol.com

10 Counsel for Defendant Smith News Company, Inc.
11
                   UNITED STATES DISTRICT COURT
12                 CENTRAL DISTRICT OF CALIFORNIA

13 | KAROL WESTERN CORP., | Case No. CV12- 7695 BRO (VBKx)
14 |     Plaintiff, | Defendant's Reply to Plaintiff's Opposition to Defendant's Motion in Limine No. 1
15 | vs. |
   | | Hearing: March 3, 2014
16 | SMITH NEWS COMPANY, INC. dba SMITH NOVELTY COMPANY | Time: 1:30 PM
   | | Place: Courtroom 14
17 |     Defendant. |
18 | | Complaint Filed: Sept. 7, 2012
   | | Trial Date: March 25, 2014

Defendant's Motion in Limine No. 1 seeks to limit the testimony of Plaintiff's expert Mr. Sedlik.

Plaintiff's Opposition to Defendant's Motion is based on an incorrect reading of Plaintiff's motion, the resort to case law that is inapposite, outdated, and not controlling in the Ninth Circuit, and an attempt to apply fact-specific application of the law to non-analogous facts.

**A CORRECT STATEMENT OF DEFENDANT'S MOTION**

Defendant's motion, rather than seeking to keep Plaintiff's expert, Mr. Sedlik, from giving any testimony, as Plaintiff has reframed Defendant's motion, seeks only to prevent Plaintiff's expert from opining on any legal conclusions, such as "substantial similarity" and "striking similarity".

**THE APPLICABLE LAW**

Plaintiff suggests that, rather than follow those myriad of cases since *Roth* and *McCulloch* that require dissection, filtration and exclusion of unprotectable and non-copyrightable elements, particularly in cases of pictorial, graphic and sculptural works, the court stick with *Roth* and *McCulloch*, ignore more recent controlling Ninth Circuit cases, and instead look to cases from the Southern District of New York.

Plaintiff attempts to ridicule the Ninth Circuit's filtration and exclusion test by arguing that, if applied to literary works, all words would have to be excluded illustrates how lacking Plaintiff is for a rational argument. In addition to failing to find any authority for such an absurd application of Ninth Circuit jurisprudence, the argument simply does not scan. In literary works, it is not individual letters or words that constitute a work, but rather theme, plot, characters, etc., that are created by the words and those are the elements that are tested when analyzing for substantial similarity. To those elements, the same rigor of dissection, filtration and exclusion apply.

As regards works other than compilations, there could be no statement more opposed to the controlling law in the Ninth Circuit for at least the past 20 years than the one relied on by Plaintiff, to wit: " . . . the original combination, selection, and arrangement of individual <u>unprotected design features</u> in a work of visual art … is itself a copyright protected element." [emphasis added]

What Plaintiff describes is a "compilation".[1]  Plaintiff did not register its work as a compilation, and even its failed attempt to expand its copyright registration did not identify its work as a compilation.  It is far too late in the day of this case for Plaintiff to now claim its copyright is for a compilation (which it sometimes refers to as a "combination").

The Compendium II of Copyright Office Practice, §307.01 states:

"A compilation is registrable if its selection, coordination, or arrangement as a whole constitutes an original work of authorship. The greater the amount of material from which to select, coordinate, or order, the more likely it is that the compilation will be registrable. Where the compilation lacks a certain minimum amount of original authorship, registration will be refused. Any compilation consisting of less than four selections is considered to lack the requisite original authorship."

In its Opposition to Defendant's Motion in Limine No. 3, Plaintiff concedes that: " . . . the <u>Shanghai Diamond design</u> passes the separability test in that it, at least, can be conceptually[2] separated from the useful article (flask or tumbler) on which it is applied." (Emphasis added.)  Unless the restrictions of 17 U.S.C. §§ 101 and 102(a)(5) regarding useful articles are to be ignored, Plaintiff is only entitled to a separate copyright on that Shanghai Diamond design that it now admits is that which is separable from a useful article.  The Shanghai Diamond design is, of course, Plaintiff's expression of a die cut image of The Sign.

---

[1] 17 U.S.C. § 101 ("A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term "compilation" includes collective works.)

[2] The Shanghai Diamond design is not just conceptually separable, but physically separable.

Def's Reply to Plf's Opp. to Def's Motion in Limine No. 1     2     Case No. CV12-7695 BRO (VBK)

Plaintiff 's "work" - a die cut image of the Las Vegas Sign ("the Sign") - is comprised of four elements, all copied from and arranged according to The Sign itself and thus do not constitute an original "selection, and arrangement of individual elements".  If Plaintiff wants to now claim that its work is a compilation, in doing so, by its own definition, it necessarily concedes that all of the elements of its work are unprotected.

Even if the fact that only the die cut image of The Sign separate and independent of the flask is copyrightable is ignored contrary to the unequivocal statutory mandate,[3] the flask is not a protectable compilation any more than was the jelly fish sculpture in *Satava v. Lowry,* 323 F. 3d 805 (9th Cir 2003):

> "Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. The combination of unprotectable elements in *Satava's* sculpture falls short of this standard. The selection of the clear glass [flask], oblong shroud [die cut process], bright colors [glitter paper], proportion, vertical orientation, and stereotyped jellyfish [the Sign] form, considered together, lacks the quantum of originality needed to merit copyright protection."
>
> "But it is not true that *any* combination of unprotectable elements automatically qualifies for copyright protection. Our case law suggests, and we hold today, that a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. See *Metcalf,* 294 F.3d at 1074; *Apple Computer, Inc.,* 35 F.3d at 1446. See also *Feist,* 499 U.S. at 358, 111 S.Ct. 1282 ("[T]he principal focus should be on whether the selection, coordination, and arrangement are sufficiently original to merit protection.").

See also *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F. 2d 197 (9th Cir. 1989).

---

[3] 17 U.S.C.§101(" . . . the design of a useful article, . . . shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article."

The use of flasks as souvenirs is common. The use of the die cut process for souvenirs has been done. The use of an image of The Sign on souvenirs for Las Vegas is so common as to be *de rigor*. The use of glitter (bling) on Las Vegas souvenirs is common.

Plaintiff's rebuttal to the line of cases cited by Defendant that deal with pictorial, graphic and sculptural works, such as that at issue here, are, again, non-analogous music cases and cases outside of the Ninth Circuit. Even *Swirsky* acknowledges that "it is essential to distinguish between the protected and unprotected material in plaintiff's work."[4] *McCulloch* makes no such distinction.

Even *Cavalier v. Random House, Inc.*, 297 F.3d 815, 826 (9th Cir. 2002), cited by Plaintiff, supports Defendant's assertion that *Roth* and *McCulloch* no longer state good law since they do not require that unprotected elements be identified and filtered out:

> A court "must take care to inquire only whether 'the *protectable elements, standing alone,* are substantially similar.' " *Williams v. Crichton,* 84 F.3d 581, 588 (2d Cir.1996) (emphasis in original) (citation omitted); *accord Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1442–43 (9th Cir.1994). Therefore, when applying the extrinsic test, a court must filter out and disregard the non-protectable elements in making its substantial similarity determination. *823 See Shaw,* 919 F.2d at 1361 (applying the extrinsic test to determine "whether there is substantial similarity between the *protected* expression of ideas in two literary works") (emphasis added); *Berkic v. Crichton,* 761 F.2d 1289, 1293–94 (9th Cir.1985) (rejecting consideration of general ideas as well as scenes-a-faire in determining substantial similarity under the extrinsic test).
>
> "This does not mean that at the end of the day, when the works are considered under the intrinsic test, they should not be compared as a whole. Nor does it mean that infringement cannot be based on original selection and arrangement of unprotected elements. <u>However, the unprotectable elements have to be identified, or filtered, before the works can be considered as a whole.</u>" (emphasis added)

---

[4] Which Plaintiff's expert did not do and admitted he could not do.

| Def's Reply to Plf's Opp. to Def's Motion in Limine No. 1 | 4 | Case No. CV12-7695 BRO (VBK) |

Regarding Mr. Sedlik's deposition transcript, Plaintiff is apparently mistaken. Attached hereto are letters received by Defendant's counsel on or about January 4, 2013 and November 16, 2013 from the court reporter service notifying him that Mr. Sedlik was notified that his transcript was available for review and he did not review it during the time allowed. The letters indicate that they were sent to Plaintiff's counsel as well.

Plaintiff has offered nothing that should persuade the court to allow Plaintiff's expert to give legal opinions at trial. By his own admission, he is not a legal expert and, by his own admission, he does not know what the legal significance is, or the test for, "substantial similarity" or "striking similarity" as it is applied in copyright cases.

Defendant's motion should be granted.

Dated: February 14, 2014

                              H. Michael Brucker Law Corporation
                              Steven M. Kipperman Law Corporation

                              /s/_____
                              H. Michael Brucker Law Corporation
                              H. Michael Brucker

                              Counsel for Defendant



**BARKLEY**
Court Reporters

November 15, 2013

Jeff Sedlik
c/o Art Center College of Design
1700 Lida Street
Pasadena, CA 91103

40 YEARS

1875 Century Park East
Suite 1300
Los Angeles, CA 90067
310.207.8000
Fax 310.207.8001

San Francisco
Orange County
San Diego
Palm Springs
Sacramento
Inland Empire
San Fernando Valley
San Jose
Manhattan
Brooklyn
Albany
Garden City
White Plains
Chicago
Las Vegas
—
Paris
Dubai
Hong Kong

barkley@barkley.com
www.barkley.com



Re:   Deposition of Jeff Sedlik; 11/5/2013
      <u>Karol Western Corp. v. Smith News Company, Inc.</u>
      Our file no. 365341

Dear Mr. Sedlik:

Request having been duly made, you are hereby notified pursuant to Federal Rules of Civil Procedure, Rule 30(e) that the original transcript of the testimony of your deposition is available for review during the next 30 days at our Los Angeles office, 1875 Century Park East, Suite 1300, Los Angeles, California, 90067, during our business hours. It is necessary that you call (310) 207-8000 for an appointment if you wish to come to our office.

If there are changes in form or substance, you have the right to sign a statement reciting such changes and the reasons for making them. We have appended a correction sheet to the transcript for this purpose.

Very truly yours,

*Elena Brooks*

Elena Brooks,
Customer Service Manager

cc:   Donald Brunsten, Esq.
      H. Michael Brucker, Esq.
      Bruce L. Ishimatsu, Esq.

The Most Trusted Hands in the Profession



**Court Reporters**

January 3, 2014

H. Michael Brucker, Esq.
H. Michael Brucker, Attorney at Law
5855 Doyle Street
Emeryville, CA 94608

Re:   Deposition of Jeff Sedlik; 11/05/2013
      <u>Karol Western Corp. v. Smith News Company, Inc.</u>
      Our file no. 365341

Dear Mr. Brucker:

Review of the transcript having been requested pursuant to Rule 30(e) and notification of availability having been provided by our office, please be informed that the deponent:

____   Reviewed the transcript during the period allowed.

__X__  Did not review the transcript during the period allowed.

____   Signed a statement reciting changes and the reasons given for making them. Said statement is appended to the original transcript and a copy thereof is enclosed herewith.

Pursuant Rule 30(f)(1) the original deposition transcript has been sealed and is being sent to you herewith as the attorney who arranged for the transcript.

Very truly yours,

Chun Su,
Customer Service Department

Encl:   Original Transcript

cc:   Donald Brunsten, Esq.
      Bruce L. Ishimatsu, Esq.

---

**40 YEARS**

1875 Century Park East
Suite 1300
Los Angeles, CA 90067
310.207.8000
Fax 310.207.8001

San Francisco
Orange County
San Diego
Palm Springs
Sacramento
Inland Empire
San Fernando Valley
San Jose
Manhattan
Brooklyn
Albany
Garden City
White Plains
Chicago
Las Vegas
—
Paris
Dubai
Hong Kong

barkley@barkley.com
www.barkley.com

*The Most Trusted Hands in the Profession®*